UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HOUSE OF WHITE BIRCHES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.  1:05-CV-55 |
| ) | |
| SUPERIOR MAILING SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is a proposed protective order stipulated to by the parties. (Docket # 49.)  As the proposed order contains a major defect, it will be DENIED.

The proposed order, which seeks to protect information through the discovery and post-discovery phase of litigation, is impermissibly broad.  It states: "Either party may designate any documents, information or materials, including documentation and information previously produced by so notifying all parties of the designation, as "confidential" relating to promotional concepts, techniques or programs of a proprietary, financial, competitively sensitive or trade secret nature . . . . " (Proposed Stipulated Protective Order ¶ 2.)

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceedings." *Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004).  However, Rule 26(c)(7) of the Federal Rules of Civil Procedure allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).

Here, the protective order proposed by the parties provides no basis for finding good

cause.  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the order contains an expansive definition of "confidential," lacking in all specifics.[1]  As a result, the Court is not satisfied that the parties know what information constitutes confidential information. *See Cincinnati Insurance*, 178 F.3d at 946 (a judge must "satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets").

Furthermore, the order makes no effort to specify why these materials are confidential. *See Alexander Hous.*, 2004 WL 1718654, at *2 (stating that parties must provide "specific examples of articulated reasoning, rather than stereotyped and conclusory statements to support [their] assertion of good cause") (internal quotation marks omitted); *Cook*, 206 F.R.D. at 248-49 (requiring that the parties demonstrate substantial privacy interests outweigh the presumption of public access to discovery material).  "[M]erely asserting that a disclosure of the information could harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2000)).

---

[1] Furthermore, the terms "relating to" and "nature" used in Section 2 of the proposed order are a "fudge," further compounding the vagueness of the definition of "confidential." *See Cincinnati Insurance*, 178 F.3d at 945.

Indeed, if the Court were to approve this order, both parties would be virtually left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard,* 2003 WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order (Docket # 49) submitted by the parties.  SO ORDERED.

Enter for this 21st day of December, 2005.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge