UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HOUSE OF WHITE BIRCHES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:05-CV-55 |
| | ) | |
| SUPERIOR MAILING SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a revised proposed protective order (Docket # 53) stipulated to by the parties. (*See* Docket # 49, 50.)  As the proposed order still contains a major defect, it will be DENIED.

The revised proposed order, which seeks to protect information through the discovery and post-discovery phase of litigation, is still impermissibly broad.  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Here, the parties made no attempt to cure the overly-expansive definition of "confidential" contained in Section 2 of the original proposed order.  It provides that any documents, information, or materials "relating to promotional concepts, techniques or programs

of a proprietary, financial, competitively sensitive or trade secret nature" may be designated as confidential by the parties.  This definition is so faceless that it really is no category at all, much less a "properly demarcated category of legitimately confidential information."[1] *See Cincinnati Insurance*, 178 F.3d at 946.  As a result, the Court is still not satisfied that the parties know what information constitutes confidential information. *See id.* (a judge must "satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets").[2]

Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id.* at 944. The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) of the Federal Rules of Civil Procedure and Seventh Circuit case law, but what has been

---

[1] Furthermore, the terms "relating to" and "nature" used in Section 2 of the proposed order are a "fudge," further compounding the vagueness of the definition of "confidential." *See Cincinnati Insurance*, 178 F.3d at 945.

[2] While the parties' identification of certain trade secrets in Section 3 of the revised proposed order is sufficiently specific, Section 3 fails to cure the underlying, overly-broad definition of "confidential" articulated in Section 2.

submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order (Docket # 53) submitted by the parties.

SO ORDERED.

Enter for this 10th day of January, 2006.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge